**Order entered May 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01246-CR

### JOHNATHAN COOPER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 297th District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 1031532D**

## ORDER

Before the Court are appellant's May 13, 2019 objection to appellant's brief and January 8, 2019 pro se "Motion to Terminate Court Appointed Appeal Counsel/Motion to Self-Represent on Appeal and/or Motion to Abate Appeal & Remand Case to District Court for Hearing to Terminate Court Appointed Appeal Counsel." By order entered on January 15, 2019, the Court abated this case to allow the trial court to make findings of fact regarding appellant's contentions that his original appellate counsel had a conflict of interest. The Court transmitted a letter to appellant explaining that it would take no action on appellant's pro se motion to terminate court appointed counsel because the case was abated.

During the abatement, original appellate counsel filed a motion to withdraw in the trial court and the trial court appointed appellant's current appellate counsel to represent him. After

reinstating the appeal, the Court set a new due date for appellant's brief without addressing appellant's January 8, 2019 motions.

On April 19, 2019, current appellate counsel filed appellant's brief. On May 13, 2019, appellant filed his objection to the brief reiterating that he still desires to represent himself and asking the Court to abate the case to the trial court so that the trial court may make the necessary inquiries and advise him about the dangers and disadvantages of self-representation. We characterize appellant's objection as a motion and we **GRANT** appellant's motion.

We **ORDER** the trial court to conduct a hearing regarding whether appellant should be allowed to represent himself in this appeal. In connection with this inquiry, the trial court shall determine: (1) whether appellant desires to dismiss appointed counsel and represent himself pro se on appeal; (2) whether appellant's waiver of appointed counsel is made competently, voluntarily, knowingly, and intelligently; (3) whether appellant is fully aware of the dangers and disadvantages of self-representation on appeal, and if not, to inform him of the dangers and disadvantages of self-representation; (4) whether appellant is capable of representing himself in a manner that will not harm the interests of himself or the State; and (5) whether appellant's self-representation can be accomplished without obstructing the orderly procedure of the Court or interfering with the fair administration of justice. The trial court shall further advise appellant that he does not have the right to hybrid representation and, if he is allowed to proceed pro se, the brief filed by counsel will be stricken.

If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the same form as provided in article 1.051(g) of the Texas Code of Criminal Procedure and ensure that appellant understands and signs the form. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to prepare findings of fact and conclusions of law detailing its determinations.

We **ORDER** the trial court to transmit a record of the proceedings, including its written findings and recommendations, any supporting documentation, any orders, and if applicable, a signed article 1.051(g) form, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated when the findings are received or at such other time as the Court deems appropriate.

We **DIRECT** the Clerk to send copies of this order to the Honorable David C. Hagerman, Presiding Judge, 297th Judicial District Court, Tarrant County; to appellate counsel J. Warren St. John; to Johnathan Cooper, TDCJ# 01862306, Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705; and to Tarrant County Assistant District Attorney Steven W. Conder.

/s/    LANA MYERS
        JUSTICE